IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 DEC 18 AM 9:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| LINDA FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 02-JEO-1745-S |
| ) | |
| TOWN OF SNEAD, ALABAMA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ENTERED**

**DEC 18 2002**

## MEMORANDUM OPINION

Plaintiff, Linda Fleming, initiated this action challenging the constitutionality of "Resolution 2001-06" of the Town of Snead, Alabama, pursuant to 42 U.S.C. § 1983. Named as defendants are the Town of Snead, the Mayor, and four of the five members of the Town Council. (Doc. 1). On October 8, 2002, the defendants filed a motion for summary judgment, asserting that the defendants did not violate the plaintiff's constitutional rights and are entitled to legislative immunity. (Doc. 6 & 7 at p. 2). On November 29, 2002, the plaintiff filed a motion seeking to dismiss this action premised upon an "Opinion of the Alabama Attorney General." (Doc. 9). The defendants oppose the motion to dismiss, and seek an order of this court requiring the plaintiff to pay the defendants' attorney's fees and the expenses incurred in the defense of this action. (Doc. 10).

### BACKGROUND

The Town Council of Snead also serves as the Water and Sewer Board (hereinafter "the Board"). The Board is responsible for providing the residents of the Town of Snead and the town of Susan Moore with water. During the latter part of 2001, the Board "became concerned

with the number and amount of delinquencies and uncollected water bills the Board was experiencing." The Utility Committee of the Board determined "that a substantial number of the losses the Board was suffering were from rental properties" due to the fact that the tenants moved frequently, leaving unpaid bills. In an effort to correct this situation and reduce the losses, the Town Council passed "Resolution No. 2001-06," requiring the owners or agents of persons owning rental property and the renter to sign a "Water Users Agreement" for service. Additionally, it required that all outstanding bills for water and related services be paid before service would be permitted at the property.

On June 5, 2002, the Mayor of the Town of Snead requested an opinion from the Attorney General of the State of Alabama regarding the enforceability of the resolution. (Doc. 7, Klein Affidavit, Ex. B). On September 20, 2002, the Attorney General issued a letter opinion finding that the resolution was enforceable. (*Id.* at Ex. C).

The plaintiff initiated the present lawsuit on July 5, 2002, by challenging the resolution on constitutional grounds in the Circuit Court of Blount County. The action was removed to this court on July 17, 2002, in light of the fact that the plaintiff was alleging a deprivation of a right, privilege, or immunity guaranteed by the United States Constitution. *See* 42 U.S.C. § 1983.

The defendants filed their motion for summary judgment on October 8, 2002. (Doc. 6). In the accompanying brief, the defendants assert that they are entitled to legislative immunity due to the fact that they were performing a legislative function in passing the resolution. (Doc. 7 at 2). The plaintiff filed her motion to dismiss on November 29, 2002, premised on the Opinion of the Alabama Attorney General. (Doc. 9). The court has afforded the parties an opportunity to brief the issues and has discussed the same with the parties in a telephone conference.

It is well-settled that legislative bodies acting in their legislative function are immune from liability. *See Bogan v. Scott-Harris*, 523 U.S. 44, 48, 118 S. Ct. 966, 970, 140 L. Ed. 2d 79 (1998) ("The principle that legislators are absolutely immune from liability for their legislative activities has long been recognized in Anglo-American law."). Accordingly, the defendants' motion for summary judgment is due to be granted.

The remaining issue is whether the defendants are entitled to recover their attorney's fees and expenses under 42 U.S.C. § 1988. Under § 1988, "a prevailing defendant is entitled to recover attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Baker v. Alderman*, 158 F.3d 516, 524-25 (11th Cir. 1998), (*citing Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 178, 66 L. Ed. 2d 163 (1980), *quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)).

Upon consideration, the court finds that this litigation could have been avoided if the plaintiff had waited until the Attorney General's Opinion was issued. Why she did not is in dispute. Accordingly, the court cannot conclude that the "action was frivolous, unreasonable, or without foundation to warrant an award of attorney's fees." But for the representations of counsel for the plaintiff, the court would have been inclined to award fees and expenses to the defendants. Had the plaintiff waited in initiating this action, the defendants would have been spared the expense of expending valuable resources that could have been put to better use serving the citizens of the Town of Snead.

Premised on the foregoing, the court finds that the defendants' summary judgment motion is due to be granted and this action is due to be dismissed with prejudice. However, the court

declines under the circumstances to require the plaintiff to pay the defendants' fees and expenses.

The plaintiff's motion to dismiss is **MOOT**.

    **DONE**, this *17th* day of December, 2002.

                                    */s/ John E. Ott*

                                    **JOHN E. OTT**
                                    United States Magistrate Judge